Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

Galveston Division

United States Courts
Southern District of Texas
FILED

JUL 17 2018

David J. Bradley, Clerk of Court

Aaron Striz

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

(see attached)

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## DEFENDANTS

1.) Brian Collier, Executive Director, TDCJ-CID
2.) Michael J. Butcher, Senior Warden, Darrington Unit
3.) Kurtis D. Pharr, Major, Darrington Unit
4.) Lisa M. Davis, Unit Classification Casemanager, Darrington Unit
5.) (FNU) Carter, (formerly) Senior Warden, Estelle Unit
6.) (FNU) Brewer, (current) Senior Warden, Estelle Unit
7.) Christopher S. Lacox, Assistant Warden, Estelle High Security
8.) Cliff H. Prestwood, (formerly) Assistant Warden, Estelle H.S.
9.) Bobby D. Rigsby, Major, Estelle High Security
10.) Jody L. Vincent, Captain, Estelle High Security
11.) Kody R. Schurr, Captain, Estelle High Security
12.) (FNU) Betcher, (formerly?) Senior Warden, Robertson Unit
13.) (FNU) Siringi, (formerly?) Assistant Warden, Robertson Unit
14.) (Unknown Name), Chairman of State Classification, TDCJ-CID
15.) D. Ray, State Classification Representative
16.) V. Jones, State Classification Representative
17.) K. Gibson, State Classification Representative

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Aaron Brice Striz |
| All other names by which you have been known: | n/a |
| ID Number | 838215 |
| Current Institution | John C. Darrington Unit, TDCJ-CID |
| Address | 59 Darrington Rd. |
| | Rosharon, Texas 77583 |
| | *City*     *State*     *Zip Code* |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Brian Collier |
| Job or Title *(if known)* | Executive Director, TDCJ-CID |
| Shield Number | n/a |
| Employer | Texas Department of Criminal Justice |
| Address | ? |
| | *City*     *State*     *Zip Code* |

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Michael Butcher |
| Job or Title *(if known)* | Senior Warden, Darrington Unit |
| Shield Number | n/a |
| Employer | Texas Dept. of Criminal Justice |
| Address | 59 Darrington Rd. |
| | Rosharon, Texas 77583 |
| | *City*     *State*     *Zip Code* |

☒ Individual capacity    ☒ Official capacity

Parties to This Complaint, DEFENDANTS (continued)

| | |
|---|---|
| Defendant No. 3 | |
| Name | Kurtis D. Pharr |
| Job or Title | Major, Ad-Seg, Darrington Unit |
| Employer | Texas Dept. of Criminal Justice-CID |
| Address | 59 Darrington Rd. |
| | Rosharon    Texas    77583 |
| | In His Individual and Official Capacities |
| Defendant No. 4 | |
| Name | Lisa M. Davis |
| Job or Title | Unit Classification Casemanager, Darrington Unit |
| Employer | TDCJ-ID |
| Address | 59 Darrington Rd. |
| | Rosharon    Texas    77583 |
| | In Her Individual and Official Capacities |
| Defendant No. 5 | |
| Name | (FNU) Carter |
| Job or Title | (formerly) Senior Warden, Estelle Unit |
| Employer | TDCJ-ID |
| Address (last known) | 264 F.M. 3478 |
| | Huntsville    Texas    77320 |
| | In his Individual and Official Capacities |
| Defendant No. 6 | |
| Name | (FNU) Brewer |
| Job or Title | (currently) Senior Warden, Estelle Unit |
| Employer | TDCJ-ID |
| Address | 264 F.M. 3478 |
| | Huntsville    Texas    77320 |
| | In His Individual and Official Capacities |
| Defendant No. 7 | |
| Name | Christopher S. Lacox |
| Job or Title | Assistant Warden, Estelle High Security |
| Employer | TDCJ-ID |
| Address | 264 F.M. 3478 |
| | Huntsville    Texas    77320 |
| | In his Individual and Official Capacities |

Defendant No. 8
Name                Cliff H. Prestwood
Job or Title        (formerly) Assistant Warden, Estelle High Security
Employer            TDCJ-ID
Address             264 F.M. 3478
                    Huntsville     Texas     77320
                    In his Individual and Official Capacities

Defendant No. 9
Name                Bobby D. Rigsby
Job or Title        Major, Estelle High Security
Employer            TDCJ-ID
Address             264 F.M. 3478
                    Huntsville     Texas     77320
                    In His Individual and Official Capacities

Defendant No. 10
Name                Jody L. Vincent
Job or Title        Captain, Estelle High Security
Employer            TDCJ-ID
Address             264 F.M. 3478
                    Huntsville     Texas     77320
                    In His Individual and Official Capacities

Defendant No. 11
Name                Kody R. Schurr
Job or Title        Captain, Estelle High Security
Employer            TDCJ-ID
Address             264 F.M. 3478
                    Huntsville     Texas     77320
                    In His Individual and Official Capacities

Defendant No. 12
Name                (FNU) Betcher
Job or Title        (Formerly) Senior Warden, Robertson Unit
Employer            TDCJ-ID
Address (last known) 12071 F.M. 3522
                    Abilene        Texas     79601
                    In His Individual and Official Capacities

| | |
|---|---|
| Defendant No.13 | |
| Name | (FNU) Siringi |
| Job or Title | (formerly) Assistant Warden, Robertson Unit |
| Employer | TDCJ |
| Address (last known) | 12071 F.M. 3522 |
| | Abilene    Texas    79601 |
| | In His individual and Official Capacities |
| Defendant No. 14 | |
| Name | (Unknown Name) |
| Job or Title | Chairman of State Classification |
| Employer | TDCJ-ID |
| Address | Office Address Unknown |
| | In His/Her Individual and Official Capacities |
| Defendant No.15 | |
| Name | D. (FNU) Ray |
| Job or Title | State Classification Representative |
| Employer | TDCJ |
| Address | Office Address Unknown |
| | In Her Individual and Official Capacities |
| Defendant No. 16 | |
| Name | V. (FNU) Jones |
| Job or Title | State Classification Representative |
| Employer | TDCJ |
| Address | Office Address Unknown |
| | In Her Individual and Official Capacities |
| Defendant No. 17 | |
| Name | K. Gibson |
| Job or Title | State Classification Representative |
| Employer | TDCJ |
| Address | Office Unknown |
| | In Her Individual and Official Capacities |

II. **Basis for Jurisdiction**
   A. I am bringing this suit against State officials under §1983 for "the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

   B. The federal Constitutional or statutory rights being violated by state officials are;
      1. Fifth Amendment right to Due Process,
      2. Eigth Amendment prohibition against Cruel and Unusual Punishments, and
      3. Fourteenth Amendment right to Equal Protection under the law.

   C. N/A, (not a Bivens action)

   D. "Explain how each defendant acted under color of state or local law..."

   Defendant No.1, Brian Collier, is the Executive Director of TDCJ and is responsible for all prisoners in TDCJ, as well as all actions taken within TDCJ by TDCJ employees who, as his designees, execute the policies which have resulted in the continuous, indefinite confinement to administrative segregation of plaintiff Striz for nearly 17 years, for which ALL named officials acknowledge that there is no valid reason for this confinement, and which serves no justifiable penological interest.
   All remaining defendants, Numbers 2-17, over a period of ten years, have engaged in an ongoing pattern of meaningless, perfunctory, sham review hearings wherein they admit that there is no valid reason for plaintiff Striz to remain in ad-seg, then knowingly and willfully use a false excuse to remain plaintiff in ad-seg indefinitely. All defendants have participated in these reviews and acted under color of law to deny plaintiff's rights to meaningful Due Process, Equal Protection, and -by extreme duration of solitary confinement- subjected him to Cruel and Unusual Punishments which serve no penological interest.

III. **Prisoner Status**
   Plaintiff is a convicted and sentenced state prisoner in the custody of Texas Department of Criminal Justice- Correctional Institutions Division.

IV. **Statement of Claim**
   "State as briefly as possible the facts of your case..."
   Plaintiff, Aaron Striz, has been confined to administrative segregation continuously and indefinitely for nearly 17 years.

In August 2001, while at the French M. Robertson Unit in Abilene, Texas, Striz was identified and "confirmed" as a member of a Security Threat Group (STG), removed from the general population, and placed in Administrative Segregation, a form of long term solitary confinement. At this time he was informed by TDCJ Officials that in order to be released from Ad-Seg and return to general population, he must disassociate from gang activity, renounce membership, and complete the Gang Renouncement And Disassociation (GRAD) Program.

    Striz repeatedly requested to participate in the GRAD program but was denied each time because he IS NOT ELIGIBLE for this program due to the placement of Security Precaution Designator (SPD) Codes on his prison file. These SPD Codes are the result of an escape from the Grimes County Jail in August 1998 PRIOR to entering TDCJ. Six weeks after this escape from county jail, Striz was transferred to TDCJ whereupon his initial custodial classification assignment was to Minimum custody. He remained in the general population without serious incident until being identified as a gang memebr and placed in Ad-Seg in August 2001.

    The TDCJ policy governing SPD Codes states thta the codes will remain in effect for a minimum of ten years from the date of the incident before the codes may be reviewed for possible removal. But, among the eligibility criteria for participation in the GRAD Program is a requirement that there are no active SPD Codes. Therefore, Unit STG Officers refused to even begin Striz's debriefing/investigation process until his SPD Codes were eligible for removal in July 2008. Thus began a formal, intensive 2-year investigation process to verify his renouncement and disassociation.

    Upon completion of this 2-year investigation, in July 2010, the "Disassociation/Attachment-B Form" was completed, officially verifying that he is no longer a gang member.

    But, since the SPD Codes were never "deactivated", he is still not eligible for the GRAD Program. Although he is eligible to have these SPD Codes removed, TDCJ Officials (named defendants) refuse to do so citing "extraordinary circumstances." Even though the incident occurred nearly 20 years ago, prior to entering TDCJ, and upon entering TDCJ he was assigned to MINIMUM CUSTODY, and has engaged in no serious infractions since that time, officials "claim" that he is "an immediate security risk" even though he was never designated as such 20 years ago, immediately after the incident occurred!

    These SPD Code policies were created in 2001, in the wake of the Texas-7 escape, after Striz was assigned to Ad-Seg as a result of gang affiliation. So he is not being punished for anything he did, rather, he is being punished for something that

someone else did 17 years ago on another unit, which he had no association with! But now, these SPD Codes prevent him from being re-assigned to minimum custody which is necessary to complete the third and final phase of the GRAD Program.

The result of these extraordinary and exigent circumstances is that, since July 2010, at every single periodic review hearing by the State Classification Committee, Unit Classification Committee, and SPD Review Committee, ALL defendants have acknowledged (and in some cases, in writing), that the "Attachment-B" Form is complete, that he is no longer a gang memebr and done everything required of him, but due to the SPD Codes he is not eligible for GRAD, and therefore he will remain in Ad-Seg, indefinitely, until he completes the GRAD Program. (Plaintiff has filed countless grievances regarding the issue, his friends and family have contacted various officials, all responses reiterate this absurdist, circular reasoning.)

From the Period beginning in July 2010, when plaintiff was officially dertermined to no longer be a gang member, he was confined at the Robertson Unit where defendants Betcher, Siringi, and various State Classification Representatives (names and signatures on documents they signed are illegible, making them unidentifiable by name pending discovery.) repeatedly made decisions at classification hearings where they acknowledged these facts, then knowingly and intentionally used this invalid excuse as a pretext for continued, indefinite confinement to Ad-Seg, until he was transferred to Estelle High Security/Super Seg unit in October 2013.

Upon arrival at the Estelle Unit, this pattern of meaningless, farcical, sham review hearings was continued by defendants Brewer, Carter, Lacox, Prestwood, Rigsby, Vincent, Schurr, and State Classification Representatives Ray, Jones, Gibson, and others whose names/signatures are illegible on countless review hearing forms.

In September 2017, while still at the Estelle Unit, after another particularly indifferent and perfunctory review hearing, Striz became so frustrated by his situation and the lack of meaningful attention to it that he undertook a hunger strike beginning on Monday, September 18, to bring attention to the matter. Defendants Rigsby, Vincent, and Schurr became confrontational, provocative, and then retaliatory when plaintiff refused to engage their hostile provocations and refused to end his hunger strike. Again, they acknowledged the problem, but stated they weren't going to do anything to solve it.

After Six days of this hunger strike, when his medical condition grew dire, he was escorted to medical on Saturday, September 23, 2017, to speak with defendant Prestwood via speakerphone, surrounded by witnesses. At this time, Prestwood admitted that there was no reason for defendant to be in Ad-Seg, that it was a problem, and made promises that he would contact acquaintances at State Classification

to correct the situation, first thing Monday morning. Based on these assurances plaintiff ended his hunger strike.

On the following Monday morning, September 25, 2017, at approximately 9:00am, Striz was escorted to Prestwood's office where Prestwood composed an email to an unknown State Classification official, read it aloud to plaintiff, then sent it. Plaintiff Striz spent weeks trying to follow up with Prestwood about this issue without any result.

Additionally, while at Estelle High Security, Striz repeatedly proposed a simple solution to the problem by requesting to complete the "Modified GRAD" Program which is based at Estelle High Security and would have required no adjustment to his custodial classification in order to complete because the "Modified" program only consists of phases one and two; it omits phase three, which is th ephase that renders Striz ineligible. Upon Completion of Phase-2, participants are reclassified and released back into general population. Defendants repeatedly denied this request by stating that it is "only for seriously disabled offenders, or those with terminal illnesses." This can be proven to be a lie, because multiple offenders with minor disabilities, such as visual impairment in only one eye, have been allowed to complete the Modified Program.

After pressing this issue of Due Process and requesting to complete the modified GRAD program at his next classification hearing on January 18, 2018, before Defendants Lacox and Gibson, the request was denied. Plaintiff filed grievances requesting this and citing caselaw asserting his rights to meaningful due process, and federal rulings requiring a continuing valid reason for continued Ad-Seg confinement. The result is that he was transferred away from the simple solution to this issue (Modified GRAD), to the John C. Darrington Unit on March 28, 2018.

Upon arrival at the Darrington Unit, Plaintiff was taken before a Unit Classification Committee on March 29, 2018. This committee was comprised of Major Kurtis D. Pharr, a Unit Classification Casemanager (name unknown), and an unknown third corrections officer. When they told plaintiff that he would be assigned to Ad-Seg as a confirmed gang member, he explained his situation and that he is no longer a gang memebr. Defendant Pharr and the Unit Classification Official then examined his file on the computer, stated that the "Attachment-B" Form was complete and that plaintiff is no longer a gang member. At this point, defendant Pharr stated, "I can tell you right now what they are doing to you but you won't like it. They don't want you in population, but they can't justify it with the SPD Codes, so they're using the STG tag to keep you in seg."

A few weeks later, in mid-April (exact date unknown), Striz was summoned to another Unit Classification hearing of defendants Pharr and Davis, and a third unknown officer. The purpose of this hearing was to review SPD Codes.

Once again, plaintiff Striz explained the conflicting, extraordinary circumstances of his situation where the SPD Codes prevent him from completing GRAD, he explained that the incident which resulted in these Codes occurred 20 years ago, at a county jail, and six weeks later he was transferred to TDCJ and assigned to minimum custody, and since that time has had no serious incidents, therefore there is no reason to remain the SPD Codes. At this point, both defendants Pharr and Davis agreed that there was no reason not to deactivate the codes, but Pharr stated that he would not be the one to make that recommendation.

As of this filing, Plaintiff remains in Ad-Seq, solitary confinement, with no end in sight and no prospect of release.

1.) Defendants have collectively engaged in a pattern of behavior to violate plaintiff's Fifth Amendment right to Due Process as evidenced by years of meaningless, perfunctory, sham review hearings where they admit that there is no valid reason for continued Ad-Seq confinement, then knowingly and willfully use an invalid excuse for further indefinite confinement under false pretexts. Defendants have done this for a period of 17 years, which any reasonable person would consider "atypical and significant in degree or duration of confinement" as required by <u>Sandin v. Connor</u>, 115 S.Ct. 2293 (1995) in order to maintain a Due Process claim.

Furthermore, the extraordinary and exigent circumstances outlined above, meet the 5th Circuit requirements of "extraordinary circumstances" necessary to proceed on a Due Process Claim as required by <u>Hernandez v. Velasquez</u>, 522 F.3d 556 (5th Cir, 2008).

Additionally, the 5th circuit is concerned with a prisoner's initial custodial classification assignment in determining whether or not a liberty interest exists in remaining free of Ad-Seq. <u>Wilkerson v. Stalder</u>, 329 F.3d 431, 435 (5th Cir, 2003). Plaintiff Striz's initial classification was to Minimum custody and he has committed no serious infractions since that time.

2.) Through 17 years of continuous and indefinite solitary confinement in administrative segregation, much of that time for no valid reason, defendants have subjected plaintiff Striz to cruel and unusual punishments, in violation of the 8th Amendment, with no justifiable penological purpose, by depriving him of th ebasic necessities of life, such as, but not limited to, human contact, environmental and mental stimulus, physical activity, education and rehabilitation opportunitites, work, contact visits, and other deprivations that place him at undue risk of longterm and permanent psychological harm.

While short to modertate terms of solitary confinement are to be considered

"normal incidents of prison life," any reasonable person would consider 17 years of solitary confinement with no end in sight to be extreme, especially with no valid reason for such confinement. See Wilkerson v. Stalder, 639 F.Supp. 2d 654 (M.D.LA, 2007), esp. at 676-681, acknowledging and discussing the detrimental effects of long term solitary confinement meeting the 8th Amendment criteria of cruel and unusual punishment due to "the evolving standards of decency."

3.) Defendants have collectively violated plaintiff's 14th Amendment right to equal protection by intentionally treating him differently than others similarly situated with no rational basis for the difference in treatment. Numerous other inmates in a similar position have been allowed to complete GRAD or released from Ad-Seg. Inmates Riley Ray Fultz, **Allen Campbell**, and Isaac Salazar all had SPD Codes for previous escapes and were in Ad-Seg as confirmed gang members. Upon completion of their "Attachment-B" forms their SPD codes were deactivated and they were allowed to complete the GRAD Program. Alternatively, **inmate Taylor Ray**, upon completion of an investigation was **returned** to **general** population WITHOUT completing GRAD, his SPD Codes remained active, and he was reclassified to medium custody status in accordance with those SPD codes for escape and staff assault.

    **There is no** justification for this disparate **treatment of similarly situated individuals.** And in fact, **when a solution was** readily available at Estelle High Security (Modified GRAD), and plaintiff requested it, defendants chose to give false excuses to deny this option, then transferred him away from that easy solution which required no change of custodial status! Defendants, for years, have displayed a callous disregard for plaintiff's constitutional rights, and numerous federal court rulings protecting the rights of prisoners.

V. **injuries**

    N/A - no physical injuries were sustained.

VI. **Relief**

    Plaintiff respectfully prays that this court enter judgement granting plaintiff:

1.) A declaration that the acts described herein violate plaintiff's rights under the Constitution and laws of the United States;

2.) A preliminary and **permanent** injunction ordering defendants to either immediately release plaintiff from Ad-Seg, or allow him to immediately complete the GRAD program by transferring him to the program:

3.) Punitive Damages in the amount of 125.00 PER DAY of wrongful confinement to administrative segregation, to be calculated from the date plaintiff's "Attachment-B" Form was complete, therefore rendering no valid **reason to keep him in seg.** The purpose of these requested punitive damages is to set an example and deter future behavior in callous disregard for constitutional rights and clearly established caselaw that not only should all defendants be aware of, but **all defendants** intentionally ignored when made aware of these rulings.

4.) **A jury trial on all issues triable by** jury.

5.) Plaintiff's costs in this suit.

6.) Any additional relief **this court deems just,** proper, and **equitable.**

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
1. French Robertson Unit (TDCJ), 12071 FM 3522, Abilene, TX 79601
2. Estelle High Security (TDCJ) 264 FM 3478, Huntsville, TX 77320
3. Darrington Unit (TDCJ) 59 Darrington Rd., Rosharon, TX 77583

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

Numerous grievances multiple times every year since 2010, at all three above named facilities, after every periodic review hearing

2. What did you claim in your grievance?

That my rights to due process were being violated, citing federal caselaw, asking why I am still in ad-seg when officials admit there is no valid reason for it, and requesting to be either released from seg or allowed to complete the GRAD program or a "modified" version of it.

3. What was the result, if any?

No action taken to correct the situation. remain in segregation,

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I have appealed nearly every decision for ten years on both the step one and step two level. I wrote letters to numerous officials. Family and friends have contacted officials who reiterate that there is no valid reason for me to be in seg, but then restate the admitted invalid reason. (I have copies of everything) I even undertook a six day hunger strike to bring attention to the problem, which the warden admitted was a problem, promised to resolve, and nothing happenned to fix it.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Attached to this complaint are the most recent grievances filed. Grievance number 2018081197, filed after most recent review hearing in January, along with Step-2 denial. Upon transfer to Darrington Unit, I attempted to file another grievance to exhaust remedies here, it was denied as redundant; attached, with IOC stating why

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)

   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

3. Docket or index number

4. Name of Judge assigned to your case

5. Approximate date of filing lawsuit

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition.

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

?- NOT SURE IF IT WAS "CONDITIONS OF CONFINEMENT." It was a "deliberate indifference" claim after the 2ⁿᵈ time I was stabbed, when officials placed me on a wing with a known member of a gang that previously stabbed me. (which is why I then joined a gang...and got jigged)

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) Aaron Striz

    Defendant(s) ? Don't remember, someone else (inmate) filed it for me and didn't keep up with it. Dismissed without prejudice

2. Court *(if federal court, name the district; if state court, name the county and State)*

    I don't know, don't remember. It was in 2001 and I no longer have the records.

3. Docket or index number

    Don't know

4. Name of Judge assigned to your case

    ? Don't know

5. Approximate date of filing lawsuit

    mid-/to late 2001(?)

6. Is the case still pending?

    ☐ Yes

    ☒ No

    If no, give the approximate date of disposition    don't know

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    Dismissed without prejudice for failure to exhaust administrative remedies & I didn't keep up with it.

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 28, 2018

Signature of Plaintiff: *Aaron Striz*
Printed Name of Plaintiff: AARON STRIZ
Prison Identification #: 838215
Prison Address: 59 DARRINGTON RD
ROSHARON  TEXAS  77583
City  State  Zip Code

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City  State  Zip Code

Telephone Number
E-mail Address