IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON STRIZ, #00838215, <br>    *Plaintiff*, | § § § | |
| v. | § | Civil Action No. 3:18-cv-0202 |
| BRIAN COLLIER, ET AL., <br>    *Defendants*. | § § § § | |

### DEFENDANTS BUTCHER, PHARR, AND DAVIS'S MOTION TO DISMISS

Defendants Michael Butcher, Kurtis Pharr, and Lisa Davis, through the Office of the Attorney General for the State of Texas, file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Defendants respectfully offer the following:

**I.   STATEMENT OF THE CASE**

Plaintiff Aaron Striz is an offender confined to the custody of the Texas Department of Criminal Justice ("TDCJ"). Plaintiff proceeds *pro se* and *in forma pauperis* and brings this action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges his due process rights were violated because he has been housed in administrative segregation at the Darrington Unit in Rosharon, Texas. Plaintiff seeks monetary damages and injunctive relief. At all times relevant to his claims, Defendants were employed by TDCJ. Plaintiff sues Defendants in their official and individual capacities. Davis and Pharr are still stationed at the Darrington Unit in the same positions they held at the times relevant to Plaintiff's claims. Butcher is now the senior warden at the Polunsky Unit in Beaumont, Texas.[1]

Defendants now move to dismiss Plaintiff's claims for want of jurisdiction and for Plaintiff's failure to state a claim upon which relief may be granted.

---

[1] Federal Rule of Civil Procedure 25(d) allows for the automatic substitution of an official's successor for an official sued in his official capacity. Should this case proceed further, the current senior warden at the Darrington Unit will be substituted for the official capacity claims brought against Butcher.

## II.     MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

### A.    Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.

Plaintiff's claims for monetary damages against Defendants in their official capacity are barred by the Eleventh Amendment. Neither a state nor a state official sued in his or her official capacity for damages is a "person" for purposes of liability under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989). Moreover, a suit for damages against a state official in his or her official capacity is not a suit against that individual but rather is a suit against the state. *Id.* The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived its immunity or Congress has abrogated immunity pursuant to its power under Section 5 of the Fourteenth Amendment (in passing Section 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity"). *Id.* Neither Congress nor the State of Texas has waived Eleventh Amendment immunity with regard to 42 U.S.C. § 1983. *Id.* Section 1983 provides a federal forum to remedy the violation of constitutional rights, but "it does not provide a federal forum for litigants who seek to remedy against a state for alleged deprivations of civil liberties." *Id.*

Because TDCJ is an agency of the State of Texas and Defendants were employed by TDCJ and acting within their official capacity at all times relevant to Plaintiff's claims, Plaintiff's claims for monetary damages against Defendants in their official capacities must be dismissed for lack of jurisdiction.

## III.    MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### A.    Standard of dismissal under Rule 12(b)(6).

A party is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

> **B.     Plaintiff has failed to state a claim for a violation of a protected federal or constitutional right.**

Plaintiff claims that Defendants deprived him of due process when they assigned him to administrative segregated housing after his transfer to the Darrington Unit.

The threshold requirement of any due process claim is the government's deprivation of a liberty or property interest. *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009). Generally, inmates do not have a protected liberty interest in custodial classifications. *Whitley v. Hunt,* 158 F.3d 882, 889 (5th Cir. 1998). *See also Sandin v. Conner*, 515 U.S. 472, 485(1995) (finding no liberty interest in prisoner's administrative segregation absent atypical, significant deprivation); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Moody v. Baker*, 857 F.2d 256, 257–58 (5th Cir. 1988) (finding no protectable interest in custody classification).

"[A]bsent exigent circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (quoting *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996) (internal quotations omitted). Without first asserting a protected liberty interest, any alleged due process or other a

3

constitutional violation arising from an inmates' custodial classification is meritless. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

Plaintiff alleges that he appeared before Pharr and other TDCJ officials on March 29, 2018, for a housing assignment at Darrington. ECF No. 1 at 10. At that meeting, Plaintiff was assigned to administrative segregation. *Id.* Plaintiff alleges that, at that time, officials determined he was not an active gang member and acknowledged that his gang disassociation form was complete, but noted he had Security Precaution Designator (or "SPD") codes on his file. *Id.*

After this initial classification, Plaintiff states that he had another classification hearing in April 2018. *Id.* According to Plaintiff, at that hearing, his SPD codes were reviewed. *Id.* Plaintiff notes that his SPD codes stem from an escape from the Grimes County Jail prior to entering TDCJ. *Id.* at 8. Plaintiff states that he explained his situation to Defendants, including the length of time between the escape and his current incarceration, but Defendants did not remove the SPD codes from his file and continued to house him in administrative segregation. *Id.* at 11.

Here, Plaintiff has not alleged facts to demonstrate he has been subject to atypical, significant deprivation while being housed in administrative segregation as to implicate a protected liberty interest. In his complaint, Plaintiff states that Defendants improperly considered his escape from Grimes County Jail and criminal convictions[2] when determining his current classification. However, Plaintiff alleges no facts that demonstrate that administrative segregation is an inappropriate classification for an inmate with escape and assaultive precautions or that Defendants were prohibited from considering Plaintiff's SPD codes when assigning housing. Further, Plaintiff alleges that he had multiple classification hearings when he was transferred to the Darrington Unit, and was given an

---

[2] In connection with Plaintiff's escape from Grimes County Jail, he was convicted of two aggravated assaults on public servants, when it was found that Plaintiff stabbed one jailor and struck another with a riot baton. *See State v. Aaron Striz*, Cause No. 13,952, 12th Judicial District Court of Grimes County, sentence date September 9, 1998; and *State v. Aarron Striz*, Cause No. 13,954, 12th Judicial District Court Grimes County, sentence date September 9, 1998.

4

opportunity to explain his past conduct to TDCJ officials. TDCJ officials made the decision to assign Plaintiff to administrative segregation only after these hearings. Plaintiff's disagreement with TDCJ officials' decision is not enough to state a claim for a violation of a constitutional right.

As the U.S. Supreme Court, and the Fifth Circuit have consistently held, absent extraordinary circumstances, Plaintiff has no protected liberty interest in his custodial classification level. Thus, Plaintiff fails to allege the kind of extraordinary circumstances that would support a constitutional claim.

### C. Plaintiff is not entitled to injunctive relief.

To the extent Plaintiff seeks injunctive relief, the court in *Ex Parte Young* sets forth a narrow exception to Eleventh Amendment immunity allowing prospective injunctive relief through official capacity actions. 209 U.S. 123, 159-60 (1908). However, injunctive relief is "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixion*, 50 U.S. 10, 13 (1850)). When a government agency is involved, a court must additionally observe the requirement that the government be granted the "widest latitude in the dispatch of its own internal affairs." *Id.* at 378-79 (citations omitted); *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("[I]t is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.").

An inmate's requests for injunctive relief must be viewed in conjunction with the requirements of the Prison Litigation Reform Act ("PLRA"). Under PLRA, the court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right" before granting injunctive relief. 18 U.S.C. § 3626(a). Although the PLRA significantly affects the type of prospective injunctive relief that may be awarded, it has not substantially changed the threshold findings and standards required to justify an injunction.

A party seeking an injunction must establish the following elements: 1) there is a substantial likelihood the party will prevail on the merits; 2) a substantial threat exists that irreparable harm will result if the injunction is not granted; 3) the threatened injury outweighs the threatened harm to the defendants; and 4) the granting of the preliminary injunction will not disserve the public interest. *Sugarbusters v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Canal Auth. of the State of Florida v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990); *Mississippi Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Plaintiff seeks an injunction to order Defendants to release Plaintiff from administrative segregation or to transfer him to the GRAD program. However, Plaintiff fails to demonstrate that there has been a violation of a federal right. Consequently, Plaintiff fails to show that he is entitled to injunctive relief in light of *Ex Parte Young*. Because he fails to satisfy the standards required to justify an injunction, his request for injunctive relief should be dismissed.

**D.     Plaintiff's claims for damages against Defendants in their individual capacities are barred by the Prison Litigation Reform Act absent a showing of a physical injury.**

An inmate's suit under 42 U.S.C. § 1983 must also comply with the physical injury requirements of PLRA. *See* 42 U.S.C. § 1997e(e).

PLRA provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Further, an inmate may not seek compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dep't. of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008).

Plaintiff seeks damages for his confinement in administrative segregation. *See* ECF No. 1 at

6

13. Under the PLRA his claims are barred absent a showing of physical injury. Here, Plaintiff acknowledges that his has not suffered any physical injuries. *See* ECF No. 1 at 12, paragraph V. Consequently, under the PLRA, Plaintiff is not entitled to bring suit solely for mental or emotional injuries, nor is he entitled to compensatory damages for any claim for which he does not also allege a physical injury. Because of the limitations of PLRA, Plaintiff claims should be dismissed for failing to state a claim upon which relief may be granted.

      **E.**     **Defendants are entitled to qualified immunity.**

To the extent Defendants are sued in their individual capacities, they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who knowingly violate the law." *Brady v. Fort Bend Cty.*, 58 F.3d 173, 174 (5th Cir. 1995). To determine whether a defendant is entitled to qualified immunity, the court engages in a two-step inquiry. The court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right. *Siegert v. Gilley*, 111 S. Ct. 1789, 1793 (1991); *see also Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994); *Correa v. Fischer*, 982 F.2d 931, 933 (5th Cir. 1993); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). If the plaintiff has asserted the violation of a constitutional right, the court must then determine whether that right had been clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

As explained above, Plaintiff has not alleged a violation of any clearly established constitutional rights by Defendants. Therefore, they are entitled to qualified immunity, and all claims against them should be dismissed.

## IV. CONCLUSION

Defendants request that Plaintiff's claims against them be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. Should the Court decline to grant this motion, Defendants respectfully reserve the right to deny allegations against them and reassert their defenses in an answer or motion for summary judgment.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
Southern District Bar No. 2563655
Texas State Bar No. 24083162
jeanine.coggeshall@oag.texas.gov
Attorney-in-charge

**EVAN W. WELTGE**
Assistant Attorney General
Southern District Bar No. 3356225
Texas State Bar No. 21152000
evan.weltge@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9811

**ATTORNEYS FOR DEFENDANTS
BUTCHER, PHARR, AND DAVIS**

## NOTICE OF ELECTRONIC FILING

I, **Jeanine M. Coggeshall**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on **February 11, 2019**.

/s/ Jeanine M. Coggeshall
**JEANINE M. COGGESHALL**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Jeanine M. Coggeshall**, Assistant Attorney General of Texas, certify that a true and correct copy of the foregoing has been served by placing same in the U.S. mail, first-class postage prepaid, on **February 11, 2019**, addressed to:

Aaron Striz
TDCJ-CID# 838215
Darrington Unit
59 Darrington Road
Rosharon, TX 77583
**Plaintiff *Pro Se***

/s/ Jeanine M. Coggeshall
**JEANINE M. COGGESHALL**
Assistant Attorney General