IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AARON STRIZ, TDCJ # 00838215 | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:18-0202 |
| BRIAN COLLIER, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aaron Striz, an inmate at the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil rights action alleging that he is confined in administrative segregation at the Darrington Unit in violation of the Due Process Clause and other constitutional guarantees. The Court ordered service on three Defendants at TDCJ's Darrington Unit: Warden Butcher, Major Pharr, and Unit Classification Manager Davis. Defendants filed a motion to dismiss (Dkt. 12), to which Plaintiff responded (Dkt. 13). Simultaneously with his response, Plaintiff filed a proposed supplemental pleading (Dkt. 13-1). In addition, Plaintiff has filed a motion for leave to file an amended complaint (Dkt. 11), a motion for appointment of counsel (Dkt. 14), and a letter inquiring about whether discovery motions are permitted at this stage of the case (Dkt. 15).

Plaintiff alleges that he has been confined in administrative segregation for more than 17 years and that TDCJ has no valid penological reason to continue to confine him

there. He also alleges that, although he receives regular classification reviews, the hearings are a perfunctory sham. He claims that he has fulfilled every requirement listed by TDCJ for release from administrative segregation and has satisfied all requirements to disassociate from gang membership, but that TDCJ continues to deny him release based on gang affiliation information that TDCJ acknowledges is outdated. He also claims that TDCJ imposes conditions for release, such as completion of the GRAD program, with which TDCJ then makes it impossible for him to comply by denying him admission to the program.

Plaintiff has filed multiple grievances regarding his classification every year since 2010, at three different TDCJ units, including after every periodic classification review of his housing status. All of the grievances have been denied.

Plaintiff brings claims for violation of his constitutional rights under the Due Process Clause, the Equal Protection Clause, and the Eighth Amendment (Dkt. 1). His proposed amended pleadings seek to add claims under the Ex Post Facto Clause and the First Amendment's prohibition on retaliation (Dkt. 11-1). The proposed amended pleadings also seek to add two new Defendants from the Darrington Unit: Assistant Warden James Powers and Classification Chief Myra M. Montez. Plaintiff's proposed supplemental complaint (Dkt. 13-1) alleges that in February 2019, after he filed this suit, Defendants changed their reason for his confinement in administrative segregation and continue to deny him release to general population. Defendants have not opposed Plaintiff's requests to amend or supplement his pleadings.

Plaintiff seeks (1) a declaratory judgment that his rights have been violated; (2)

injunctive relief in the form of either (a) release from administrative segregation or (b) an order directing TDCJ to allow him to participate in the GRAD program and thus earn his release from administrative segregation; and (3) punitive damages in the amount of $125 for each day he was wrongfully confined in administrative segregation (Dkt. 1; *see* Dkt. 11-1).

I.     **Motion to Dismiss (Dkt. 12)**

Defendants Butcher, Pharr, and Davis, the three defendants on whom the Court ordered service, have filed a motion to dismiss (Dkt. 12) and Plaintiff has responded (Dkt. 13). A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Defendants first urge that Plaintiff may not seek monetary damages against

Defendants in their official capacities. A claim against a state employee in his or her official capacity is a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394. Therefore, any claims for money damages against Defendants in their official capacities are subject to dismissal for lack of jurisdiction under the Eleventh Amendment. Plaintiff does not oppose this portion of Defendants' motion, and clarifies in his response that he is not seeking money damages against Defendants in their official capacities (Dkt. 13, at 1). Defendant's motion to dismiss on this issue therefore will be **granted** under Rules 12(b)(1) and 12(b)(6).

In all other respects, Defendants' motion to dismiss will be **denied** without prejudice to Defendants' arguments raised in the motion. Simply put, the motion to dismiss does not comprehensively engage the facts alleged by Plaintiff, including his allegation that he has been confined in administrative segregation for 17 years with perfunctory hearings that offer no realistic possibility of release to general population. Defendants cite authority that confinement in administrative segregation, absent atypical or extraordinary circumstances, does not implicate a constitutional liberty interest (Dkt.

12, at 3-4 (citing, *e.g.*, *Sandin v. Conner*, 515 U.S. 472 (1995)). However, as Plaintiff argues in response, Defendants' briefing does not address whether extraordinary circumstances are present in this case, and does not analyze the applicability of other potentially relevant authorities. *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209 (2005); *Wilkerson v. Goodwin*, 774 F.3d 845 (5th Cir. 2014); *Hernandez v. Velasquez*, 522 F.3d 556 (5th Cir. 2008). As the Fifth Circuit recently has held, the duration of an inmate's confinement in segregation and the nature of the confinement are relevant under the *Sandin* test and, in some cases, "effectively indefinite" detention in segregation may constitute an "atypical and significant hardship" under *Sandin*. *See Wilkerson*, 774 F.3d at 855. On the current record, the Court cannot assess the applicability of these authorities to Striz's claims.

Defendants' motion also wholly fails to address Plaintiff's claims under the Equal Protection Clause or the Eighth Amendment.

For these reasons, Defendants' request that the Court dismiss all of Plaintiff's claims against them with prejudice is not warranted on this record. *See* FED. R. CIV. P. 12(b)(6); *Harrington*, 563 F.3d at 147 (in reviewing a motion under Rule 12(b)(6), a plaintiff's claims must be viewed "in the light most favorable to the plaintiff and with every doubt resolved on his behalf") (internal citations and quotation marks omitted). Defendants' motion will be **denied** without prejudice except as specifically granted above.

II. **Motion to Amend (Dkt. 11) and Motion to Supplement (Dkt. 13)**

Plaintiff has filed a motion for leave to amend his pleadings (Dkt. 11) and also

seeks to file supplemental pleadings (Dkt. 13-1). Defendants have not opposed either request.[1]

### A. Legal Standards

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted). A district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (internal citation and quotation marks omitted).

In addition, Rule 15(d) permits supplemental pleadings at the discretion of the Court:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

---

[1] Plaintiff's proposed supplemental pleadings (Dkt. 13-1) were not docketed as a separate motion, but were served on Defendants with Plaintiff's response. Defendants did not file a reply.

FED. R. CIV. P. 15(d). Although Rule 15(a), which pertains to amended pleadings, provides that leave to amend should be "freely given," the text of Rule 15(d) contains no such provision. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018). Nevertheless, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Lewis*, 699 F.2d at 239. In exercising its discretion, the district court should consider whether permitting the pleading would cause undue delay in the proceedings or undue prejudice to the nonmovant, the movant is acting in bad faith or with a dilatory motive, the movant has previously failed to cure deficiencies by prior pleadings, or the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action. *Id.*

### B.  Additional Defendants

Plaintiff's motion for leave to amend seeks to bring claims against two additional defendants at the Darrington Unit: Classification Chief Myra M. Montez and Assistant Warden James Powers. Regarding Montez, Plaintiff alleges that she was involved in his classification review in August 2018, after Plaintiff's original complaint had been filed. Regarding Powers, he alleges that he investigated Striz's grievances filed after the August 2018 classification review. Striz seeks prospective, injunctive relief, and his allegations against both Powers and Montez involve facts similar to, and related to, the facts and claims already in this lawsuit. Therefore, the Court in its discretion will grant leave to amend as to Montez and Powers. *See Am. Int'l Refinery,* 676 F.3d at 466-67.

### C. Ex Post Facto Clause Claim

Plaintiff seeks leave to add a claim under the Ex Post Facto Clause. He alleges that TDCJ officials at the Darrington Unit currently are confining him in administrative segregation based on the pretext of an "SPD code policy" that was enacted after Striz was assigned to administrative segregation based on gang membership (Dkt. 11-1, at 16-17). Because this claim involves basically the same facts as those supporting his original claims and will not cause delay or prejudice to Defendants, the Court in its discretion will grant leave to amend in the interest of justice. *See Am. Int'l Refinery,* 676 F.3d at 466-67.

### D. First Amendment Retaliation Claim

Finally, Plaintiff seeks to add a claim under the First Amendment's prohibition against retaliation. To sustain a retaliation claim under the First Amendment, an inmate must establish (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising the right, (3) a retaliatory adverse act, and (4) causation. *Baughman v. Hickman*, ___ F.3d ____, 2019 WL 3820065, at *7 (5th Cir. Aug. 15, 2019). The causation element requires the plaintiff to demonstrate that the adverse action against him would not have occurred but for the official's retaliatory motive. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019).

Plaintiff alleges that three officials at the Estelle Unit (Rigsby, Vincent, and Schurr) violated his First Amendment rights in 2017 "by retaliating against him when he refused to end his hunger strike, the purpose of which was to bring attention to his situation and seek redress of his grievances" (Dkt. 11-1, at 17). *See also* Dkt. 1, at 9-10 (alleging that Rigsby, Vincent, and Schurr "became confrontational, provocative, and

then retaliatory when plaintiff refused to engage their hostile provocations and refused to end his hunger strike" because they "acknowledged the problem [regarding administrative segregation], but stated they weren't going to do anything to solve it").

Striz already was confined in administrative segregation at the time of the three officers' alleged conduct in 2017. His allegations fail to identify any retaliatory adverse action taken by these officers. *See Baughman*, 2019 WL 3820065, at *7. Moreover, to the extent he claims he was injured by these officials because he continued to be confined in administrative segregation after their alleged retaliation, he fails to state a claim that this continued confinement would not have occurred *but for* the officials' allegedly retaliatory adverse action. *See Nieves*, 139 S. Ct. at 1722.

Additionally, Plaintiff no longer is confined at the Estelle Unit, where Rigsby, Vincent, and Schurr allegedly retaliated against him. Therefore, even if he had adequately stated a claim for relief under the First Amendment, his claim for prospective injunctive relief against these officials would be futile because they lack authority over his current assignment to administrative segregation.[2]

Plaintiff's motion to amend his complaint to bring a First Amendment retaliation claim therefore will be denied as futile. *See Am. Int'l Refinery*, 676 F.3d at 466-67.

E. **Changed Justification for Confinement**

Plaintiff alleges that he received another classification review in February 2019,

---

[2] The injunctive relief Striz seeks is an order for Defendants "to either immediately release plaintiff from administrative segregation to the general population or immediately transfer plaintiff to the GRAD Program where he may earn his way back into the general population by completing said Program" (Dkt. 11-1, at 17).

after his complaint was filed, and that Defendants "abruptly and arbitrarily changed their excuse for keeping [him] in ad seg," now claiming that Plaintiff is an "escape risk" or "assaultive" (Dkt. 13-1, at 1-2). Because this case is at its early stages, and because the new facts alleged in the proposed supplement are relevant to Plaintiff's original claims in this lawsuit, the Court in its discretion will allow the supplemental pleading under Rule 15(d). *See Lewis*, 699 F.2d at 239.

### III. <u>Motion for Appointment of Counsel (Dkt. 14)</u>

Striz moves for appointed counsel to assist him in litigating this case (Dkt. 14). There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel to advance the proper administration of justice in exceptional circumstances and where an indigent litigant has colorable claims that will not receive a meaningful hearing without counsel. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. When deciding whether to appoint counsel, the Court considers the type and complexity of the case, whether the indigent litigant can adequately investigate and present his case, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

Striz thus far has shown himself capable of self-representation and has filed appropriate motions for relief. The Court finds that this is not an exceptional case involving complex legal issues that would justify the appointment of counsel at this time. As the case progresses, however, the Court will revisit the issue on its own motion as

necessary.

## IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** as follows:

1. Defendants' motion to dismiss (Dkt. 12) is **GRANTED in part** and **DENIED** in part. Plaintiff's claims for money damages against Defendants in their official capacities are **DISMISSED with prejudice**. In all other respects, Defendants' motion to dismiss is **DENIED** without prejudice to the arguments raised in the motion.

2. Plaintiff's motion for leave to amend (Dkt. 11) is **GRANTED in part** and **DENIED in part**. Plaintiff's request for leave to bring a First Amendment retaliation claim is denied as futile. In all other respects, Plaintiff's motion for leave to amend is granted.

4. Plaintiff may pursue relief based on the facts alleged in his proposed supplemental pleadings (Dkt. 13-1).

5. Defendants Butcher, Pharr, Davis, Montez, and Powers are instructed to answer the claims against them as outlined in the Amended Order to Answer, which will be separately entered on the Court's docket.

6. Plaintiff's motion for appointment of counsel (Dkt. 14) is **DENIED** at this time.

7. Apart from the limited discovery outlined in paragraph 2 of the Amended Order to Answer, no further discovery will be permitted except on further order of the Court.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of August, 2019.

George C. Hanks Jr.
United States District Judge