To: Mr. David J. Bradley
     United States District Clerk

From: Aaron Striz

Date: September 5, 2019

RE: Request for Clarification
STRIZ v. COLLIER, et. al.
case no. 3:18-cv-00202

United States Courts
Southern District of Texas
FILED

SEP 09 2019

David J. Bradley, Clerk of Court

Dear Mr. Bradley,

    I know you are busy, but can you please clarify something for me regarding dkt. 17, AMENDED ORDER TO ANSWER, entered on August 29, 2019? In paragraph 2., it states, "Within 30 days after an answer is filed, the parties are to disclose to each other all relevant information to the claims or defenses of any party. The parties shall promptly file a notice of disclosure with the Court after such disclosure has taken place."

    Sir, I'm having difficulty understanding what my responsibilities are for disclosure, for two reasons, and if you could clarify it for me, I would greatly appreciate it.

    1.) Rule 26 of Fed.R.Civ.P, (a) REQUIRED DISCLOSURES, (1) Initial Disclosure, (B), (iv), states that actions brought without an attorney by a person in the custody of the United States, a state, or a state subdivision, is exempt from initial disclosure. My question is this; Based on Judge Hanks's AMENDED ORDER TO ANSWER, paragraph (2), am I required to do initial disclosure, or am I exempted by Rule 26?

    2.) If I am required to fulfill initial disclosure by Judge Hanks's order, what are my duties and responsibilities for it? All of my evidence, claims, and documents are filed as part of my complaints and supplemental complaint. I have nothing else that would fall under Rule 26, (a)(1)(A). Do I simply file a statement to that effect? Or do I have to refile copies of all the same documents (i.e. grievances, classification review records, letters/emails between myself or friends to TDCJ Officials, etc.)?

    If you could clarify this for me I would greatly appreciate it. Thank you for your time and patience.

Respectfully,

*[signature]*

Aaron Striz, TDCJ# 838215
Darrington Unit
59 Darrington Rd.
Rosharon, TX 77583