**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **AARON STRIZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-0202** |
| | § | |
| **BRYAN COLLIER, ET AL.,** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' BUTCHER, PHARR, DAVIS, POWERS, AND MONTEZ'S**
**ORIGINAL ANSWER AND JURY DEMAND**

Defendants Michawl J. Butcher, Kurtis D. Pharr, Lisa M. Davis, James Powers, and Myra M. Montez, through the Office of the Attorney General for the State of Texas, file this Original Answer and Jury Demand in response to the remaining claims in Plaintiff's Complaint [ECF No. 1], Amended Complaint [ECF No. 11-1] , and supplemental pleadings [ECF No. 13-1], as well as the Court's Amended Order to Answer [ECF No. 17].

1. Defendants admit that Plaintiff was an inmate confined to the custody of the Texas Department of Criminal Justice (TDCJ) at all times relevant to this case.

2. Defendants admit that the TDCJ is an agency of the State of Texas.

3. Defendants admit that they were employees of TDCJ at all times relevant to this case.

4. Defendants deny that they deprived Plaintiff of his due process rights.

5. Defendants deny that they housed Plaintiff in conditions that violate his constitutional rights.

6. Defendants deny that they confiscated surgeon ordered medical devices without an examination.

7. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's complaint except those expressly admitted herein.

1

8.  Defendants deny that they acted separately or in concert with others to engage in illegal conduct to injure Plaintiff.

9.  Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but deny that such circumstances are present in this case.

10. Defendants deny that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

11. Defendants assert that Plaintiff may have failed to properly exhaust his administrative remedies prior to suit, as required by the Prison Litigation Reform Act.

12. Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

13. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

14. Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

15. Defendants assert that at all times relevant to the allegations against them, they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and hereby claim entitlement to a qualified, good faith immunity from suit. Defendants did not violate clearly established law of which a reasonable public official would have known.

16. Defendants hereby assert Eleventh Amendment immunity to any claim for damages brought against them in their official capacity.

17. Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and generally are not proper parties to a cause of action under said statute.

2

18. Defendants, sued in their official capacities, are not liable for punitive damages.

19. Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, interest, or costs in any amount whatsoever.

20. Defendants assert that this suit is frivolous and without merit and as such they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit. Defendants seek to recover from Plaintiff such attorney's fees and costs expended by them in being required to defend this suit.

**JURY DEMAND**

Should trial be necessary in the foregoing cause of action, Defendants respectfully demand a trial by jury on all issues.

Defendants urge the Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
Southern District ID 2563655
Texas State Bar No. 24083162
jeanine.coggeshall@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / (512) 370-9811 Fax No.

**Attorneys for Butcher, Pharr, Davis, Powers, and Montez**

## NOTICE OF ELECTRONIC FILING

I, **JEANINE M. COGGESHALL**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the above, in accordance with the Electronic Case Files System of the Southern District of Texas on **October 8, 2019**.

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JEANINE M. COGGESHALL**, Assistant Attorney General of Texas, certify that a true and correct copy of the above was served on **October 8, 2019**, by United States postal service to:

Aaron Striz, TDCJ No. 838215
Darrington Unit
59 Darrington Road
Rosharon, Texas 77583
**Plaintiff *Pro Se***

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General